NO.
12-09-00253-CR

      

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

ADAM L. HORNSBY,                                       '           APPEAL FROM THE 241ST

APPELLANT

 

V.                                            
'         JUDICIAL DISTRICT COURT
OF

 

THE STATE OF TEXAS,

APPELLEE                                  
'         SMITH COUNTY, TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

PER CURIAM

Adam
Hornsby appeals his conviction for sexual assault.  Appellant’s counsel has filed a brief
asserting compliance with Anders v. California, 386 U.S. 738, 87
S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal. 

 

Background

Appellant
pleaded guilty as charged to the offense of sexual assault.[1]
 The State
agreed not to seek to enhance his sentence based on an out of state conviction
it learned of during the plea process.  Because of his prior felony conviction,
Appellant was ineligible for community supervision from a jury.[2]
 The trial
court could not place him on community supervision or deferred adjudication
community supervision because of the offense.[3]
 

The trial
court conducted a sentencing hearing.  Both parties offered documents at the
hearing.  After considering the evidence and the presentence report, the trial
court sentenced Appellant to imprisonment for twenty years.  This appeal
followed.  

 

Analysis
Pursuant to Anders v. California

Appellant=s counsel has filed a brief in compliance with Anders
and Gainous.  Counsel states that he has diligently reviewed the
appellate record and that he is well acquainted with the facts of this case. 
In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel=s brief presents a thorough chronological summary of
the procedural history of the case and further states that counsel is unable to
present any arguable issues for appeal.  See Anders, 386 U.S. at
745, 87 S. Ct. at 1400; see also Penson v. Ohio, 488 U.S. 75, 80,
109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).  We have likewise reviewed the
record for reversible error and have found none.

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman, 252
S.W.3d at 408-09 (“After the completion of these four steps, the court of
appeals will either agree that the appeal is wholly frivolous, grant the
attorney=s motion to withdraw, and dismiss
the appeal, or it will determine that there may be plausible grounds for
appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review.  See Tex. R. App. P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or he must file a pro se petition for
discretionary review.  See In re Schulman, 252 S.W.3d at 408
n.22.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion
delivered July 21, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1] See
Tex. Penal Code Ann. § 22.011
(Vernon Supp. 2009). 





[2] See
Tex. Code Crim. Proc. Ann. art.
42.12, § 4(e) (Vernon Supp. 2009).

 





[3]
See Tex. Code Crim. Proc.
Ann. art. 42.12, §§ 3g(a)(1)(h), 5(d)(2)(A) (Vernon Supp. 2009).